UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., et al., | § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0102-B |
| | § | |
| LIFECARE HOLDINGS, INC., et al., | § § § | |
| Defendants | § | |

## MEMORANDUM ORDER

Before the Court is Jonathan Lee Riches' Motion for Reconsideration & Clarification, Motion to Intervene as Plaintiff under Fed. R. Civ. P. 24(A)2, and Motion to Amend Complaint. (doc. 26). The Court will construe this as a Motion to Intervene. For the reasons that follow, the Court finds that the Motion to Intervene should be **DENIED**.

### I. Background

On December 21, 2007, the Plaintiffs filed this action in the 191st Judicial District Court of Dallas County, Texas alleging breach of contract, breach of the duty of good faith and fair dealing, fraud, negligent misrepresentation, aiding and abetting fraud, and conspiracy to commit fraud. On January 22, 2008, Defendant JPMorgan filed a notice of removal, consented to by all other Defendants, pursuant to 12 U.S.C. § 632. (doc. 1). This Court denied Plaintiffs' Motion for Remand on May 15, 2008. (doc. 20). Jonathan Lee Riches filed his Motion to Intervene under Rule 24(a)2 on July 21, 2008. (doc. 26). The record is devoid of any prior mention of Mr. Riches.

## II. Analysis

An applicant may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) if he: (1) timely files an application; (2) has an interest in the subject matter of the action; (3) shows that the disposition of the action may impair or impede the protection of that interest; and (4) shows that the existing parties to the action will not adequately represent that interest. *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002). The would-be intervenor bears the burden of demonstrating an entitlement to intervene and must satisfy *all* of the above requirements. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996). The inquiry is a flexible one and "must be measured by a practical rather than technical yardstick." *Id.* (quoting *United States v. Allegheny Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

Jonathan Lee Riches does not demonstrate an entitlement to intervene as to any of the four requirements listed above. First, he does not indicate why his filing of the motion is timely. Second, he does not state his interest in the subject matter of the action.[1] Third, he does not demonstrate how his interests might be impeded or impaired by his exclusion from the case. Lastly, he fails to show that the existing parties do not already adequately represent his interests.

## III. Conclusion

For the reasons discussed in this Order, Jonathan Lee Riches' Motion to Intervene is **DENIED.**

**SO ORDERED.**

**SIGNED August 12th , 2008**

---

[1] Riches merely states that he has "[i]nformation, documents and [e]xhibits" related to this case.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE